UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

DONALD CHRISTOPHER BURGO          *CIVIL ACTION NO. 6:14-3078

VS.          *JUDGE HAIK

JAMES S. BURGO SUCCESSION, ET AL.          *MAGISTRATE JUDGE HILL

### MEMORANDUM RULING OF REMAND

The record reveals that James Samuel Burgo died on February 18, 2012. Succession proceedings were commenced in the Sixteenth Judicial District Court for St. Mary Parish, Louisiana entitled "Succession of James S. Burgo", bearing docket number 19379. [rec. doc. 1-2, pg. 20-22]. On June 6, 2012, a Judgment of Possession was issued, disposing of the decedent's property in accordance with his Last Will and Testament, to his surviving spouse, Lois Sampey Burgo, who is a citizen of Louisiana. [rec. doc. 1-1, pgs. 8-11, and 5-7].

On October 13, 2014, Donald Christopher Burgo ("Burgo"), a citizen of Louisiana and an inmate incarcerated at the Louisiana State Penitentiary who claims to be the adopted son of the decedent, James Samuel Burgo, removed the entire succession action to this Court, seeking to annul the Judgment of Possession.[1] [*See* rec. doc. 5]. He asserts no specific grounds for the exercise of this Court's jurisdiction. However, Burgo does

---

[1] This Court's records reveal that Donald Christopher Burgo is presently serving a sentence for his conviction of two counts of cruelty to the infirmed, one of the victims of which was the decedent, James Samuel Burgo, who was struck by Burgo when he was eighty-two-years-old and recovering from recent brain surgery. *Burgo v. Stratton*, 6:09-1166, 2010 WL 582737, *1 (W.D. La. 2010) *citing Burgo v. Ruiz*, 6:09cv1165 (W.D. La. 2009) and *State v. Burgo*, 07–0227, 958 So.2d 1217 (La. App. 1st Cir. 6/8/07) (unpublished).

cite various federal criminal laws and additionally alleges that the amount in dispute is greater than $75,000.00. [*See* rec. doc. 5, pg. 3-4].

*Removal and Jurisdiction*

"Federal courts are courts of limited jurisdiction. We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate, Ins. Co.*, 243 F.3d 912 (5th Cir. 2001). Moreover, as a Court of limited jurisdiction, this Court is obligated to examine the basis of its own jurisdiction *sua sponte,* and accordingly, remand any action where federal jurisdiction is lacking. *Washington v. Riley*, 2012 WL 2339116, *2 (W.D. La. 6/18/2012) *citing Broussard v. Multi-Chem Group, LLC,* 2012 WL 1492855, *1 (W.D. La. 2012) *citing Giannakos v. M/V Bravo Trader*, 762 F.2d 1295,1297 (5th Cir. 1985), *Mergist v. Multi-Chem Group, L.L.C.,* 2012 WL 1493750, *1 (W.D. La. 2012). and *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985).

**Diversity Jurisdiction**

The removal statute for diversity cases provides in pertinent part:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

In cases which are removed based on diversity, it is axiomatic that no defendant may be a citizen of the forum state. 28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117

S.Ct. 467, 469, 473 (1996); *Washington v. Riley*, 2012 WL 2339116 at *2 .  Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred. *Id*.  Similarly, in a case with multiple plaintiffs and multiple defendants complete diversity is required.  *Id*.; *Exxon v. Allapattah*, 125 S.Ct. 2611, 2617 (2005).  Moreover, in diversity cases, a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618.

In this succession action, it is clear that complete diversity is lacking.  The estate of James Samuel Burgo is the subject of a Louisiana succession proceeding in which the surviving spouse, Lois Sampey Burgo, who has been granted possession of the decedent's property, and complaining heir, Burgo, are both citizens of Louisiana.

**Federal Question Jurisdiction**

Federal question jurisdiction is likewise lacking.  The removal statute for federal question cases provides in pertinent part:

> . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed. . . .

28 U.S.C. § 1441(a).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Determination of whether an action "arises under" the laws of the United States and accordingly is properly removed to federal court on the basis of federal question jurisdiction is made pursuant to the well-pleaded complaint rule. *Washington v. Riley*, 2012 WL 2339116 at

*3 *citing Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).

Under that doctrine, "federal jurisdiction exists only when a federal question is presented *on the face of the plaintiff's properly pleaded complaint*." *Id. quoting Caterpillar, Inc. v.. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added).  In other words, jurisdiction exists only if the plaintiff's statement of his own cause of action demonstrates that claim is based on federal law. *Id. citing Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id. citing Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

In this case, the removing alleged heir, Burgo, attempts to assert federal question jurisdiction, not on the basis of the Petition for Probate and Possession filed by the decedent's surviving spouse, Lois Sampey Burgo, in Louisiana state court, which seeks only the recognition and probate of the Last Will and Testament of James Samuel Burgo who died testate in the State of Louisiana.  Rather, he attempts to manufacture federal jurisdiction over the entire succession proceeding based on his allegations in the Notice of Removal, none of which has been asserted, nor could have been asserted, either expressly or impliedly, by the surviving spouse in the underlying succession proceeding.

Furthermore, this Court is without jurisdiction to administer the entire succession proceeding, or take control over, or dispose of, the succession property.  The United

States Supreme Court has held that "a federal court has no jurisdiction to probate a will or administer an estate", nor can a federal court "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court . . . ." *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298 (1946); *Washington v. Riley*, 2012 WL 2339116, at *3. That is exactly what the removing alleged heir, Burgo, seeks to do in this federal court.

     Finally, it is clear that the removing alleged heir, Burgo, seeks to challenge and overturn the state probate court's final judgment of possession, disposing of all of the succession property to the decedent's surviving spouse, Lois Sampey Burgo. Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction to undertake such review. The record reveals that Burgo filed a "Burden of Proof in Action to Annul Judgment of Possession" in the probate proceeding, which was met with a peremptory exception of no cause of action. [*See* rec. docs. 1-2, pg. 25, 26-30, 35, 1-2, pg. 36-38; 1-1, pg. 2; 1-2 pg. 34]. Furthermore, Louisiana jurisprudence reveals that Burgo's challenge to the validity of the June 6, 2012 Judgment of Possession was rejected on direct appeal by the Louisiana First Circuit Court of Appeal, which affirmed the Judgment of Possession on February 18, 2014. *In re Succession of Burgo*, 2014 WL 651415 (La. App. 1st Cir. 2014).

     The *Rooker- Feldman* doctrine, deprives federal courts of subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *Washington v. Riley*, 2012 WL 2339116 at *3 *citing Pease v. First National Bank*, 335 Fed. Appx. 412, 415 (5th Cir.

2009)[2] *citing D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

Stated differently, the *Rooker–Feldman* doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights". *Id. citing Pease* and *Johnson*, 512 U.S. at 1005-1006. The Supreme Court recently reaffirmed that a federal court has no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id. citing Pease* and *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

---

[2] In *Pease*, the Fifth Circuit affirmed, on *Rooker-Feldman* grounds, dismissal a § 1983 action challenging a state court's disposition in a foreclosure proceeding, wherein the plaintiff alleged that the state court action was in violation of his Fourth and Fourteenth Amendment Constitutional rights.

For the reason set forth above, this succession proceeding will be remanded to the state court, subject to the stay set forth in the accompanying order.

Signed this 12th day of November, 2014 at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE