U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

DEC -8 2014

TONY R. MOORE, CLERK
BY_____
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Burgo                                    Civil Action 14-3078

versus                                   Judge Richard T. Haik

Burgo, et al                             Magistrate Judge C. Michael Hill

## ORDER

Before the Court is Plaintiff, Donald Christopher Burgo's, Appeal Of Magistrate Judge Decision. [Rec. Doc. 14]. Plaintiff objects to Magistrate Judge C. Michael Hill's November 12, 2014 Ruling and Order of Remand finding that under the Rooker–Feldman doctrine, this Court lacks jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *R. 8; 9*. The Magistrate Judge further noted that "[t]he Supreme Court recently reaffirmed that a federal court has no jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments'" *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)).

On October 13, 2014, Plaintiff removed the succession action of James Samuel Burgo, deceased, to this Court seeking to annul the Judgment of Possession.[1] On November 25, 2014, after the Magistrate Judge's Ruling, Plaintiff filed a Motion To Set Aside the Judgment of Possession, *R. 11*, and a Motion For Leave To Proceed *In Forma Pauperis*, *R. 12*.

---

[1] Plaintiff claims to be the adopted son of James Samuel Burgo. The Magistrate Judge cited authority establishing that Plaintiff is presently serving a sentence for his conviction of cruelty to the infirmed in which James Samuel Burgo was a victim.

A party can appeal a magistrate judge's ruling on a non-dispositive motion to the district court pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. "The district court in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). In applying this "clearly erroneous or contrary to law" standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425 (5th Cir. 1984) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)).

Upon reviewing the Magistrate Judge's August 17, 2012 Ruling, *R. 15,* and the entire record before the Court, the Court concludes that the Magistrate Judge applied the appropriate legal standards to the issues raised and did not make any clear error in his order nor in his ruling. Accordingly, as this Court is without jurisdiction of this entire case,

**IT IS ORDERED** that the Magistrate Judge's Ruling is **AFFIRMED** and Plaintiff, Donald Christopher Burgo's, Appeal Of Magistrate Judge Decision [Rec. Doc. 14] is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of this Court is to **REMAND** this action to the Sixteenth Judicial District Court for St. Mary Parish, Louisiana.

**THUS DONE AND SIGNED** this 5th day of December, 2014 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE